## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

KYRAN BHARATH,

        Plaintiff,

   v.

DEVRY EDUCATION GROUP INC., Ind.
and d/b/a AMERICAN UNIVERSITY OF
THE CARIBBEAN, DEVRY MEDICAL
INTERNATIONAL, INC., d/b/a AMERICAN
UNIVERSITY OF THE CARIBBEAN
SCHOOL OF MEDICINE, INC., and AUC
SCHOOL OF MEDICINE, B.V.,

        Defendants.

Case No: 0:14 cv-60126-WJZ
Hon. William J. Zloch

---

### DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants DEVRY EDUCATION GROUP INC., DEVRY MEDICAL INTERNATIONAL, INC. and AUC SCHOOL OF MEDICINE, B.V. ("Defendants") answer Plaintiff's Second Amended Complaint as follows:

### INTRODUCTION

### SECOND AMENDED COMPLAINT ¶1:

Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

### ANSWER:

Defendants admit that Plaintiff demands a jury trial in this case.

### SECOND AMENDED COMPLAINT ¶2:

Plaintiff brings this action for damages and other relief under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d *et seq.* and pursuant to Florida contract law, against the owner/operators of American University of the Caribbean Medical School

(AUCSM): DeVry Education Group Inc., DeVry Medical International, Inc., and AUC School of Medicine, B.V.

**ANSWER:**

Defendants deny that Plaintiff is entitled to damages and other relief under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d, *et seq.,* or pursuant to Florida contract law or any other law.  Defendants admit that Plaintiff purports to bring this action under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d, *et seq.,* and pursuant to Florida contract law.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 2.

**SECOND AMENDED COMPLAINT ¶3:**

Plaintiff, KYRAN BHARATH, was a student of AUCSM, which is owned and operated by Defendants DEVRY EDUCATION GROUP INC., INDIVIDUALLY AND d/b/a AMERICAN UNIVERSITY OF THE CARIBBEAN, DEVRY MEDICAL INTERNATIONAL, INC., d/b/a AMERICAN UNIVERSITY OF THE CARIBBEAN SCHOOL OF MEDICINE, INC., and AUC SCHOOL OF MEDICINE, B.V., all corporations authorized to do business in Florida.  Plaintiff attended AUCSM's St. Maarten campus for the medical science portion of his studies.  After finishing this part of his education, Plaintiff was to return to the United States to complete his practical studies.

**ANSWER:**

Defendants admit that Plaintiff was a student at American University of the Caribbean School of Medicine and attended the St. Maarten campus.  Defendants admit that upon successfully completing the medical science portion of his studies Plaintiff would have completed his clinical studies somewhere other than St. Maarten, possibly in the United States.

17313563v.1

Defendants admit that they are authorized to do business in Florida. Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 3.

**JURISDICTION AND VENUE**

**SECOND AMENDED COMPLAINT ¶4:**

This Court has jurisdiction of Counts I and II of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction). Plaintiff is a resident of Margate, Florida. The remaining claims are so related to the claims in Counts I and II as to be part of the same case or controversy under Article III of the United States Constitution, giving this court supplemental jurisdiction over them under 28 U.S.C. §1367.

**ANSWER:**

Defendants admit that the Court has subject matter jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331 and that Count III is so related that this Court has supplemental jurisdiction over that count. Defendants are without knowledge or information sufficient to form a belief regarding Plaintiff's residence. .

**SECOND AMENDED COMPLAINT ¶5:**

Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §§ 1391(c).

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 5.

**PARTIES**

**SECOND AMENDED COMPLAINT ¶6:**

Plaintiff, Kyran Bharath, was at all times material to this Complaint a student of AUCSM, which was owned and operated by the Defendants. Plaintiff resides in Broward County. AUCSM is a medical school in the Netherland Antilles. The university offers a four-

3

year medical degree consisting of two years of basic science training at the Netherland Antilles campus followed by two years of clinical work, typically in the United States during a hospital clerkship.

**ANSWER:**

Defendants admit that Kyran Bharath was a student at American University of the Caribbean School of Medicine.  Defendants further admit that American University of the Caribbean School of Medicine is a medical school in St. Maarten, offers a four-year medical degree consisting of two years of basic science training at the St. Maarten campus followed by two years of clinical work, often in the United States.  Defendants are without knowledge or information sufficient to form a belief regarding whether Plaintiff resides in Broward County.  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 6.

**SECOND AMENDED COMPLAINT ¶7:**

Defendant, DEVRY EDUCATION GROUP INC., is a Delaware corporation authorized to do business in the state of Florida.  Its principal place of business is 3005 Highland Parkway, Downers Grove, Illinois, 60515.  Process may be served on its Florida registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**ANSWER:**

Defendants admit the allegations in Second Amended Complaint Paragraph 7.

**SECOND AMENDED COMPLAINT ¶8:**

Defendant, DEVRY EDUCATION GROUP INC., was at all times material to this complaint the owner and operator of the AUCSM, whose actual campus is located on St. Maarten, Netherland Antilles.

**ANSWER:**

Defendants deny the allegations in Second Amended Complaint Paragraph 8.

4

**SECOND AMENDED COMPLAINT ¶9:**

Defendant, DEVRY MEDICAL INTERNATIONAL, INC., is a New York corporation authorized to do business in the state of Florida.  Its principal place of business is 630 Route 1, Suite 300, North Brunswick, NJ 08902.  Process may be served on its Florida registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**ANSWER:**

Defendants admit the allegations in Second Amended Complaint Paragraph 9.

**SECOND AMENDED COMPLAINT ¶10:**

Defendant, DEVRY MEDICAL INTERNATIONAL, INC., was at all times material to this complaint the owner and operator of the AUCSM, whose actual campus is located on St. Maarten, Netherland Antilles.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 10.

**SECOND AMENDED COMPLAINT ¶11:**

Defendant, AUC SCHOOL OF MEDICINE, B.V., is a direct subsidiary of DEVRY EDUCATION GROUP INC., a Delaware corporation authorized to do business in the state of Florida.  AUC SCHOOL OF MEDICINE, B.V. maintains and operates its offices in Coral Gables, Florida.

**ANSWER:**

Defendants admit that AUC School of Medicine, B.V. is a direct and wholly-owned subsidiary of DeVry Education Group Inc., which is a Delaware corporation authorized to do business in Florida.  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 11.

17313563v.1

**SECOND AMENDED COMPLAINT ¶12:**

Defendant, AUC SCHOOL OF MEDICINE, B.V. was at all times material to this complaint the owner and operator of the AUCSM, whose actual campus is located on St. Maarten, Netherland Antilles.

**ANSWER:**

Defendants admit that AUC School of Medicine, B.V. was the owner and operator of American University of the Caribbean School of Medicine, which maintains is basic sciences campus in St. Maarten, as of August 2011.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 12.

**SECOND AMENDED COMPLAINT ¶13:**

Defendants were at all times material to this Complaint receiving federal assistance in the form of federal student loans, and running a "program or activity" in St. Maarten as defined by Title VI.

**ANSWER:**

Defendants deny the allegations in Second Amended Complaint Paragraph 13.

**GENERAL ALLEGATIONS**

**Count I: Race and National Origin Discrimination**

**SECOND AMENDED COMPLAINT ¶14:**

Plaintiff was at all times material to this Complaint, a student of Defendants.

**ANSWER:**

Defendants deny the allegations in Second Amended Complaint Paragraph 14.

**SECOND AMENDED COMPLAINT ¶15:**

Plaintiff was at all times material hereto performing his duties as a student of Defendants' university.

17313563v.1

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 15.

**SECOND AMENDED COMPLAINT ¶16:**

Plaintiff is a Caribbean Afro-Trinidadian male.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the allegations contained in Second Amended Complaint Paragraph 16.

**SECOND AMENDED COMPLAINT ¶17:**

During his 4th semester of medical school, Plaintiff enrolled in a course titled Pathology II, taught by Dr. Marie Fuentes.

**ANSWER:**

Defendants admit the allegations contained in Second Amended Complaint Paragraph 17.

**SECOND AMENDED COMPLAINT ¶18:**

Dr. Marie Fuentes was at all times material hereto acting as an employee of the Defendants.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 18.

**SECOND AMENDED COMPLAINT ¶19:**

Dr. Fuentes included an attendance and tardiness policy in the syllabus for Pathology II. The students and university were both bound by the terms of that policy.

**ANSWER:**

Defendants admit that Dr. Fuentes included an attendance and tardiness policy in the syllabus for Pathology II.  Defendants are without knowledge or information sufficient to form a

belief regarding the remaining allegations contained in Second Amended Complaint Paragraph 19.

**SECOND AMENDED COMPLAINT ¶20:**

Dr. Fuentes selectively enforced the attendance and tardiness policy against Plaintiff in a manner that was inconsistent with the enforcement of the policy against students from different racial backgrounds and of different national origins than the Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 20.

**SECOND AMENDED COMPLAINT ¶21:**

On February 23, 2012, Dr. Marie Fuentes, Plaintiff's Pathology II professor, sent Plaintiff an email stating that she had made accommodations to identify the arrival time of the Plaintiff to class and accused the Plaintiff of signing the attendance sheet after supposedly arriving more than 30 minutes late to class in violation of the Pathology II syllabus.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the allegations in Second Amended Complaint Paragraph 21.

**SECOND AMENDED COMPLAINT ¶22:**

Dr. Fuentes removed two days from the Plaintiff's attendance records, and as a consequence, Plaintiff's adjusted attendance record did not conform to the student handbook's policy requiring students to attend a minimum of 80 percent of classes.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the allegations in Second Amended Complaint Paragraph 22.

17313563v.1

**SECOND AMENDED COMPLAINT ¶23:**

As a direct result of Dr. Fuentes' actions, Plaintiff was not allowed to take his Pathology II final exam.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 23.

**SECOND AMENDED COMPLAINT ¶24:**

Plaintiff received a mark of "F" in the course, which required him to retake an entire semester of medical school to complete his prerequisites before moving into the 5th semester of his medical studies, as required by the AUC Student Handbook, Institutional Objectives 9.4: "All courses required in the first four academic semesters must be successfully completed before students may register for the fifth semester Introduction to Clinical Medicine ("ICM") courses."

**ANSWER:**

Defendants admit that Plaintiff received an "F" for Pathology II.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 24.

**SECOND AMENDED COMPLAINT ¶25:**

Dr. Fuentes routinely allowed other students, including Kristen Kent, a Caucasian female, Eero Keravuori, a Caucasian male, and Christine Hawks, a Caucasian female, to sign in after arriving late to class.

**ANSWER:**

Defendants admit that Kristen Kent is a Caucasian female, Eero Keravuori is a Caucasian male and Christine Hawks is a Caucasian female.  Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in Second Amended Complaint Paragraph 25.

**SECOND AMENDED COMPLAINT ¶26:**

Other students in the class, of racial and national origins different from the Plaintiff, had repeated absences and yet were not subjected to the rigorous enforcement of the attendance and tardiness policies that Plaintiff was subjected to.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in Second Amended Complaint Paragraph 26.

**SECOND AMENDED COMPLAINT ¶27:**

Dr. Fuentes launched a personal attack on Plaintiff by filing two conduct reports against Bharath.   The investigations resulting from these conduct reports lasted until Plaintiff was eventually withdrawn from school.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 27.

**SECOND AMENDED COMPLAINT ¶28:**

Defendants denied Plaintiff's application for readmission to AUCSM.   Defendants' denial of Plaintiff's readmission was discriminatory and based on information generated by Dr. Fuentes.  This discrimination occurred after the AUC Administrative Review Committee found that Plaintiff had proven, by a preponderance of the evidence, that Dr. Fuentes had discriminated against him in her enforcement of the Pathology II attendance and tardiness policies.

**ANSWER:**

Defendants admit that Plaintiff's application for readmission to the American University of the Caribbean School of Medicine was denied.  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 28.

**SECOND AMENDED COMPLAINT ¶29:**

Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, et seq., forbids discrimination based on race, color or national origin under any program or activity receiving federal financial assistance.

**ANSWER:**

Second Amended Complaint Paragraph 29 does not contain any allegations against Defendants but states a legal conclusion and, as such, does not require a response from Defendants. Title VI speaks for itself.

**Count II: Retaliation**

**SECOND AMENDED COMPLAINT ¶30:**

Plaintiff, Kyran Bharath, adopts and realleges, as if they were fully set forth in Count II, the allegations of ¶¶1-31.

**ANSWER:**

Defendants incorporate their responses to Second Amended Complaint Paragraphs 1 through 29 above as their responses to Second Amended Complaint Paragraph 30 of Plaintiff's Second Amended Complaint.

**SECOND AMENDED COMPLAINT ¶31:**

On or about March 20, 2012, Plaintiff filed an internal grievance complaint with Defendants in compliance with the AUC Administrative Review and Grievance Procedures, complaining of Dr. Fuentes' unlawful discrimination against him. Months went by with no response from the internal grievance committee.

**ANSWER:**

Defendants admit that on March 20, 2012, Plaintiff filed an internal grievance complaint under the American University of the Caribbean School of Medicine Administrative Review and

11

Grievance Procedures regarding Dr. Fuentes' attendance policy.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 31.

**SECOND AMENDED COMPLAINT ¶32:**

In the letter received by Plaintiff after completion of the Administrative Review, Assistant Dean for Student Affairs Jeff Jarosinski states that the review process for the complaint filed by Plaintiff began on May 8, 2012, seven weeks after Plaintiff initially filed his complaint.

**ANSWER:**

Defendants admit that Assistant Dean for Student Affairs Jeff Jarosinski sent Plaintiff a letter upon completion of the Administrative Review and that the letter states that the administrative review was conducted from May 8th to July 24th.  Defendants deny any remaining allegations contained in Second Amended Complaint Paragraph 32.

**SECOND AMENDED COMPLAINT ¶33:**

After Plaintiff filed the internal grievance, Plaintiff's school environment changed for the worse.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the allegations in Second Amended Complaint Paragraph 33.

**SECOND AMENDED COMPLAINT ¶34:**

Defendants requested that Plaintiff and Dr. Fuentes sign an agreement not to communicate with each other.

**ANSWER:**

Defendants admit that Defendants requested Plaintiff not to contact Dr. Fuentes. Defendants further admit that Defendants requested Dr. Fuentes not to contact Plaintiff. Defendants deny the remaining allegations in Second Amended Complaint Paragraph 34.

17313563v.1

**SECOND AMENDED COMPLAINT ¶35:**

After Plaintiff filed his grievance against her, Dr. Fuentes resolved to continue bullying and discriminating against Plaintiff by sending an email regarding confusion with the attendance policy to all the Pathology II students in Plaintiff's class, in an attempt to publicly humiliate and embarrass Plaintiff for filing his grievance.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 35.

**SECOND AMENDED COMPLAINT ¶36:**

In the investigation of Plaintiff's grievance complaint, the Administrative Review Committee conducted interviews from June 29th to July 5th, 2012.

**ANSWER:**

Defendants admit the allegations contained in Second Amended Complaint Paragraph 36.

**SECOND AMENDED COMPLAINT ¶37:**

On or about July 24, 2012, **the Administrative Review Committee found that Dr. Marie Fuentes engaged in "discriminatory enforcement of the attendance and/or tardiness policies as to Kyran Bharath." The Committee found that the Plaintiff was treated differently than other students because enforcement of the attendance polices were selective, unfair and inconsistent in their application to Plaintiff.**

**ANSWER:**

Defendants admit that on or about July 24, 2012, the Administrative Review Committee wrote, "The allegation that 2) Dr. Marie Fuentes had selective or discriminatory enforcement of the attendance and/or tardiness policies as to Kyran Bharath was partially upheld and substantiated  by the Committee.  Some enforcement of attendance policies were selective, unfair, and inconsistent.  Dr. Fuentes' selective adherence to the attendance policy produced an

13

adverse impact with regard to Kyran.  The Committee did not however substantiate that it was Dr. Fuentes' intent to actively discriminate against Kyran based upon an immutable characteristic."  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 37.

**SECOND AMENDED COMPLAINT ¶38:**

The Administrative Review Committee recommended that Plaintiff be "readmitted to the University" and allowed to take the examinations in Pathology, or sit in the lectures missed because of the "enforcement of the attendance policy." The Committee also recommended Plaintiff's "F" grade in Pathology be changed to an "I" grade.

**ANSWER:**

Defendants admit that the Administrative Review Committee recommended, "1.  That Kyran's grade of F for Pathology II be changed from an F to an I.  2. That Kyran have the option to immediately take the examinations for which he was given a grade of zero OR 3. Kyran be allowed to sit in the lectures he missed due to enforcement of the attendance policy and then subsequently take the examinations for which he was given a grade of zero; he would not be required to pay to sit for these lectures."  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 38.

**SECOND AMENDED COMPLAINT ¶39:**

In spite of the findings and recommendations made by the Administrative Review Committee, Defendants refused to readmit Plaintiff.  As a result of this refusal, Plaintiff has been denied the opportunity to retake the Pathology II exam as he was technically no longer enrolled. Plaintiff was required by Defendants to apply for readmission after being withdrawn from the medical program.

**ANSWER:**

Defendants admit that Plaintiff's re-application to the American University of the Caribbean School of Medicine was denied.  Defendants admit that Plaintiff could not retake the Pathology II exam.  Defendants admit that Plaintiff was required to apply for readmission.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 39.

**SECOND AMENDED COMPLAINT ¶40:**

Defendants required Plaintiff to complete a new application to medical school, which included having Plaintiff fly from Florida to Michigan for a face to face interview.

**ANSWER:**

Defendants admit the allegations contained in Second Amended Complaint Paragraph 40.

**SECOND AMENDED COMPLAINT ¶41:**

On or about August 22, 2013, Plaintiff's medical school application for readmission was denied, despite the fact that he had previously been accepted.  His qualifications had not changed in the time between being admitted into Defendants' medical program and the time of the decision to deny him readmission.

**ANSWER:**

Defendants admit that Plaintiff's medical school application for readmission was denied.  Defendants admit that Plaintiff had previously been accepted to the American University of the Caribbean School of Medicine.  Defendants deny the remaining allegations in Second Amended Complaint Paragraph 41.

15

**SECOND AMENDED COMPLAINT ¶42:**

Defendants' denial of readmission to Plaintiff was a retaliatory act designed to punish and exclude him from the medical program for exposing unfair and discriminatory practices at AUCSM.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 42.

**SECOND AMENDED COMPLAINT ¶43:**

Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, et seq., forbids discrimination based on race, color or national origin under any program or activity receiving federal financial assistance.  Federal courts in the 11th Circuit have found reason to construe Title VI as implicitly offering an anti-retaliation cause of action.

**ANSWER:**

Second Amended Complaint Paragraph 43 does not contain any allegations against Defendants but states a legal conclusion and, as such, does not require a response from Defendants.  Title VI and the federal court opinions speak for themselves.  Defendants deny that Title VI prohibits retaliation.

**Count III: Breach of Implied Contract**

**SECOND AMENDED COMPLAINT ¶44:**

Plaintiff, Kyran Bharath, adopts and realleges, as if they were fully set forth in Count III, the allegations of ¶¶1-45.

**ANSWER:**

Defendants incorporate their responses to Second Amended Complaint Paragraphs 1 through 43 above as their responses to Second Amended Complaint Paragraph 44 of Plaintiff's Second Amended Complaint.

**SECOND AMENDED COMPLAINT ¶45:**

Enrollment in the professional school of a university is a contractual arrangement for the university to provide the student a professional degree so long as the student complies with the academic and conduct requirements of the university.

**ANSWER:**

Second Amended Complaint Paragraph 45 does not contain any allegations against Defendants but states a legal conclusion and, as such, does not require a response from Defendants.  To the extent this paragraph requires a response, Defendants deny the allegations contained in Second Amended Complaint Paragraph 45.

**SECOND AMENDED COMPLAINT ¶46:**

Under Florida law, a private college may set forth the terms under which it will admit and subsequently graduate students who subject themselves to the rules, regulations and regimen of the college, thereby creating an implied contract with the student.  *University of Miami v. Militana*, 184 So. 2d 701, 704 (Fla. 3d DCA 1966); see also *Jarzvnka v. St. Thomas University School of Law*, 310 F. Supp. 2d 1256, 1268-69 (S.D. Fla. 2004).

**ANSWER:**

Second Amended Complaint Paragraph 46 does not contain any allegations against Defendants but states a legal conclusion and, as such, does not require a response from Defendants.  These cases speak for themselves.  Defendants deny that they entered into any implied contract with Plaintiff as alleged in the Second Amended Complaint.

**SECOND AMENDED COMPLAINT ¶47:**

Plaintiff applied for admission to Defendants' medical program on October 7, 2010.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding allegations of Paragraph 47 of Plaintiff's Second Amended Complaint. .

**SECOND AMENDED COMPLAINT ¶48:**

Defendants communicated their acceptance of Plaintiff into their School of Medicine and took loans from Plaintiff to pay for tuition and expenses in early 2011.

**ANSWER:**

Defendants deny that they "took loans from Plaintiff to pay for tuition and expenses in early 2011."   Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 48.

**SECOND AMENDED COMPLAINT ¶49:**

Plaintiff's Plus loan, provided as part of the William D. Ford Federal Direct Loan Program, was approved by the U.S. Department of Education on January 3, 2011.  The loan was endorsed by Plaintiff's father and identified Plaintiff as the "borrower." The email from the Department of Education identified the American University of the Caribbean as the school that the "borrower selected." An email of loan approval notification reached Defendants within 24 hours of the email sent to Plaintiff's father.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the allegations in Second Amended Complaint Paragraph 49.

**SECOND AMENDED COMPLAINT ¶50:**

Defendants stated in the AUC Student Handbook that application to the School of Medicine "constitutes agreement to comply with this Handbook, including the Honor Code, the Technical Standards, the Non-Discrimination Policy and any other of the University's policies

and procedures, rules, regulations or amendments thereto.  Students are held responsible for complying with the terms of any revised or updated Handbook from the revision or effective date if specified or otherwise on the date they are first distributed to the student body or published on the University's website (www.aucmed.edu)."

**ANSWER:**

Defendants admit that the American University of the Caribbean School of Medicine has published at least one student handbook containing the words quoted in Second Amended Complaint Paragraph 50.  Defendants deny the remaining allegations contained in Second Amended Complaint Paragraph 50.

**SECOND AMENDED COMPLAINT ¶51:**

In exchange for his medical education, Plaintiff paid tuition and fees to Defendants.  By virtue of his application to the medical program, Plaintiff agreed to abide by the university's policies, procedures, rules, and regulations, and expected the university to adhere to the same.

**ANSWER:**

Defendants admit that Plaintiff paid tuition and fees to the American University of the Caribbean School of Medicine and that one thing he received in exchange was a medical education.  Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 51.

**SECOND AMENDED COMPLAINT ¶52:**

Defendants promised Plaintiff Bharath:

a)      "Faculty have an obligation to ensure, as much as possible, that the educational program in terms of objectives, material presented, teaching and learning settings is conducive to engendering successful medical professionals and that the format and content of evaluation is supportive of students as they strive to fulfill these expectations."

b)    "The Anti-Bullying policy shall apply to an electronic act, whether or not it originated on University property or with University equipment, if it is directed specifically at one or more people and is maliciously intended for the purpose of disrupting the University's environment and has a high likelihood of succeeding in that purpose ." (AUC Student Handbook, page 39)

c)    "Bullying conduct that comes to the attention of the University may also be considered for potential violations of the University's Non-Discrimination Policy." (AUC Student Handbook, page 39)

d)    "The University maintains a policy of non-discrimination regardless of race, color, religion, age, gender, disability, natural origin, sexual orientation or gender expression."

**ANSWER:**

Defendants admit that at least one American University of the Caribbean School of Medicine student handbook contained the statements quoted in Second Amended Complaint Paragraph 52. Defendants deny that these statements constitute promises or enforceable contractual obligations.

**SECOND AMENDED COMPLAINT ¶53:**

Faculty member Dr. Diane [sic] Fuentes failed to provide a teaching and learning setting that was supportive of Plaintiff. In fact, her selective enforcement of the attendance and tardiness policy created a hostile educational environment which alienated Plaintiff from both his classmates and the faculty.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 53.

**SECOND AMENDED COMPLAINT ¶54:**

In spite of the fact that the Administrative Review Committee found a "negative impact" upon Plaintiff caused by the actions of Dr. Fuentes, Defendants did nothing to remedy that impact or restore Plaintiff to his previous position at AUC.

17313563v.1

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 54.

**SECOND AMENDED COMPLAINT ¶55:**

Furthermore, Dr. Fuentes engaged in multiple electronic acts designed to bully and intimidate the Plaintiff and continued these acts even after the University was notified through the grievance procedure.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 55.

**SECOND AMENDED COMPLAINT ¶56:**

By failing to provide Plaintiff his promised rights, Defendants have arbitrarily and capriciously breached its contract with Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 56.

**RELIEF SOUGHT**

**SECOND AMENDED COMPLAINT ¶57:**

Plaintiff has retained the law firm of Coane and Associates, PLLC to represent him.

**ANSWER:**

Defendants admit the allegations contained in Second Amended Complaint Paragraph 57.

**SECOND AMENDED COMPLAINT ¶58:**

Plaintiff hereby makes his request for a jury trial.

**ANSWER:**

Defendants admit that Plaintiff seeks a jury trial.

**SECOND AMENDED COMPLAINT ¶59:**

As a direct, natural, proximate, and foreseeable result of Defendants' breach of its

contracts with Plaintiff, Plaintiff Bharath has been damaged, including in that:

    a)       He has been delayed in the achievement of his professional degree, which will cause in the future a loss of earnings because of the delay that he will suffer in beginning his professional career as a physician; and

    b)       He has lost income from the tuition that has been forfeited.

**ANSWER:**

Defendants deny that it has breached any contract and deny that Plaintiff is entitled to any

of the relief requested in Second Amended Complaint Paragraph 59 or any relief whatsoever.

**SECOND AMENDED COMPLAINT ¶60:**

As a result of Defendants' actions, Plaintiff has suffered lost tuition, lost years of career,

loss of future earnings, severe emotional distress, and he has incurred attorney's fee and

associated costs, in excess of $1 million.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 60.

**SECOND AMENDED COMPLAINT ¶61:**

As a direct, natural, proximate, and foreseeable result of the actions of Defendants,

Plaintiff Bharath has suffered past and future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 61.

**SECOND AMENDED COMPLAINT ¶62:**

Plaintiff seeks additional relief from Defendants that includes, but is not limited to,

reinstatement, payment of lost tuition, lost years of career, loss of future earnings, emotional

17313563v.1

distress damages as a result of the unlawful conduct and any other damages that naturally result from a breach of contract.

**ANSWER:**

Defendants deny that Plaintiff is entitled to any of the relief requested in Second Amended Complaint Paragraph 62 or any relief whatsoever.  Defendants admit that Plaintiff is seeking reinstatement, payment of lost tuition, lost years of career, loss of future earnings, emotional distress damages.

**SECOND AMENDED COMPLAINT ¶63:**

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses against Defendants pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b).

**ANSWER:**

Defendants deny the allegations contained in Second Amended Complaint Paragraph 63.

**SECOND AMENDED COMPLAINT ¶64:**

Wherefore, Plaintiff prays that this court will grant judgment for him and against the Defendants for damages, including punitive damages, for the cost of this action and for such other and further relief as the circumstances and law require and/or provide.

**ANSWER:**

Defendants deny that Plaintiff is entitled to any of the relief requested in Second Amended Complaint Paragraph 64 or any relief whatsoever.

## OTHER DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time barred.

17313563v.1

3.      Plaintiff's claims are barred in whole or in part, because Defendants promulgated firm policies against discrimination and otherwise exercised reasonable care to prevent and promptly correct any alleged discrimination, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

4.      Plaintiff's claims for relief are barred to the extent he has unclean hands.

5.      Plaintiff's claims for relief are barred by the doctrine of laches.

6.      Defendants deny that an enforceable contract exists containing the obligations outlined in the Complaint.  In the alternative, to the extent the Court finds such a contract to have existed, Defendants are not liable to Plaintiff because Plaintiff's material breach of said contract excused Defendants' performance.

7.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8.      To the extent Plaintiff alleges that any of Defendants' employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendants, and was undertaken without the knowledge or consent of Defendants. Thus, Defendants are not liable for any such conduct, if it occurred.

9.      If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage, or loss must be reduced to the extent that he failed to exercise reasonable care to avoid or limit the alleged harm.

10.      Plaintiff is barred from seeking punitive damages because Defendants cannot be vicariously liable for discriminatory decisions of managerial agents, as those decisions, if any, were contrary to Defendants' good faith efforts to comply with applicable laws and regulations prohibiting discrimination.

17313563v.1

11.     Plaintiff's request for punitive damages is barred because Defendants engaged in good faith efforts to comply with the law and had reasonable grounds to believe that any act or omission taken was not a violation of the law.

12.     Plaintiff's damages are barred to the extent that he failed to mitigate his damages.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses should they become aware of additional defenses during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by his Second Amended Complaint, and that this Second Amended Complaint be dismissed with prejudice;

2.     For costs of suit and attorneys' fees; and

3.     For such other further relief as this Court may deem just and proper.

17313563v.1

Brian Stolzenbach, Esq.
Admitted Pro Hac Vice
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:      (312) 460-5551
Facsimile:      (312) 460-7551

Attorneys for Defendants
DEVRY EDUCATION GROUP INC.,
DEVRY MEDICAL INTERNATIONAL,
INC., and AUC SCHOOL OF MEDICINE,
B.V.

Respectfully submitted,

GRAYROBINSON, P.A.


By:   */s/ Jay Thornton*
      Jay Thornton

GRAYROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile:  (954) 761-8112

Attorneys for Defendants
DEVRY EDUCATION GROUP INC., AND
DEVRY MEDICAL INTERNATIONAL,
INC., and AUC SCHOOL OF MEDICINE,
B.V.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of May, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record

By:  */s/ Jay Thornton*     

GRAYROBINSON, P.A.

17313563v.1